**UNITED STATES v. FRANK.**
No. 8089.

Circuit Court of Appeals, Seventh Circuit.
Feb. 26, 1943.

Samuel O. Clark, Jr., Sewall Key and J. Louis Monarch, Asst. Attys. Gen., L. W. Post, Sp. Asst. to Atty. Gen., and J. Albert Woll, U. S. Atty., of Chicago, Ill., for appellant.

John E. Hughes, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court, entered April 16, 1942, dismissing plaintiff's action to recover an alleged illegal refund of a gift tax theretofore paid by the defendant.

The defendant (taxpayer) on March 7, 1938, filed his gift tax return for the year 1937, which disclosed a tax liability of $2,782.06. Gifts were reported thereon to two trusts for the benefit of each of his two sons, Arthur and Clinton, of 28,000 Trusteed Industry Shares which were valued in the return at $51,967 as of date of gift February 18, 1937. The tax was computed, assessed and paid on the valuation disclosed by the return without any deduction for the possibility of reverter. Subsequently, defendant filed a claim for refund by which he sought the return of $838.68. This claim was predicated upon the theory that claimant during the taxable year had made gifts to each of his two sons other than those made to the trusts for their benefit, and was entitled to four exclusions of $5,000 each, rather than two, which were allowed in computing his tax liability. The Commissioner on March 13, 1939, allowed the claim plus $53.49 interest thereon, making a total of $892.72, which was paid to the taxpayer by the Collector on May 5, 1939.

The instant suit was to recover from defendant the amount thus refunded on the theory that he was only entitled to two exclusions of $5,000 each, rather than the four exclusions of $5,000 each as allowed by the Commissioner. Defendant, by his answer, denied that the refund was illegal and alleged that the gifts to the trusts were not subject to a gift tax because the said trusts contained a possibility of reverter, or, in any event, that the full value of the gifts upon which the tax was computed should be diminished by the value of the possibility of reverter. The answer further alleged that the value of the trust property as disclosed by the return was greater than the market or taxable value on the date of the gifts.

There is no question raised but that the action of the Commissioner in allowing the refund upon the basis claimed was illegal. In other words, the Commissioner was in error in determining that defendant was entitled to four exclusions. The District Court decided (1) the transfer was not subject to a gift tax and (2) even so, the value of the reverter should have been deducted from the full value of the property in arriving at a taxable base. The Court concluded that defendant having paid too much was entitled to a refund. Further, it found that the burden was on the plaintiff to prove the value of the possibility of reverter and, having failed in this respect, there was no way to determine what part of the refund, if any, was improper, and dismissed the complaint. The Court made no finding and apparently gave no consideration to defendant's contention that the Trusteed Stock had a value less than that disclosed by the return.

In this Court, defendant attempts to sustain the action of the District Court upon two grounds, (1) plaintiff failed to prove the value of the possibility of reverter, and (2) in any event, the tax was computed upon an excessive valuation.

As already stated, defendant in 1937 made gifts to two trusts created by him, one for the benefit of his son Arthur and the other for the benefit of his son Clinton. Each of the trusts, so far as concerns the instant case, was identical. We shall briefly refer to the trust created for the benefit of his son Clinton. It provided that after the discharge of certain obligations, the remainder of the income should be paid to Clinton until he attained the age of fifty years and then the principal was to be paid to him upon request. Upon the death of Clinton prior to distribution of principal, the trust estate was to be divided into shares for the benefit of Clinton's children and their lawful descendants. Upon the death of the last survivor of Clinton, the income from any undistributed principal was to be paid to his widow until her death or remarriage, and thereafter to the wife

of the donor. Upon her death and the death of Clinton's widow, the entire estate was to be distributed to the living descendants of the donor. Upon the death of the last survivor of Clinton's widow and the donor's widow, the estate was to revert to the donor if he still was living. If not, the estate was to go to a certain designated charity.

With this brief statement as to the trust provisions, it is certain, in view of the recent decision of the Supreme Court, Robinette v. Commissioner, 63 S.Ct. 540, 87 L.Ed. ——, decided February 15, 1943, that the possibility of reverter was so uncertain, indefinite and speculative in character as to have no value susceptible of proof. In fact, the value of the defendant's reversionary interest is more uncertain and speculative than was the reversionary interest of the donor in the Robinette case. Therefore, we must hold that the decision of the District Court on this aspect of the case was erroneous.

As to defendant's other contention, that is, that the tax was computed upon an excessive valuation of the Trusteed Stock, the record presents a rather confusing situation. As heretofore stated, the value of the gifted property was placed in issue by defendant's answer. The Court, however, made no mention of such issue either in its findings of fact or conclusions upon which its decision was based. Defendant's argument on this issue in its brief before this Court is not answered by the plaintiff, in fact not mentioned. As bearing on the issue, plaintiff in the Court below offered in evidence (for another purpose, however) defendant's gift tax return wherein the 28,000 shares of stock were valued at about $1.81 per share. Defendant offered in evidence "Moody's Manual," which purports to show the bid and asked prices each market day during February, 1937, and on numerous other days during the remainder of that year. The bid price on February 18 (the date of the gift) was $1.62, and the asked price was $1.80 per share. The bid price for the year ranged from $1.68 down to 83¢ per share.

Section 506 of the Revenue Act of 1932, 26 U.S.C.A., Int.Rev.Code, § 1005, provides: "If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift." We are unable to ascertain from the record the value of the shares on the date of gift, although it appears that the tax was computed on a valuation higher than their actual value. The issue as to value must be determined before any conclusion can be made as to whether plaintiff was entitled to recover in whole or in part the amount claimed in suit. Inasmuch as that issue is one of fact and was raised by defendant in his pleading, we think it should be determined by the District Court.

The order appealed from is, therefore, reversed, and the cause remanded to the District Court, with directions to find the value of the gifted property on which to compute the tax. The rights of the parties will be determined upon the finding thus made.